UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                    2:05-cr-114-FtM-33DNF

MARIO DOMINGUEZ

_____

## ORDER

_____This matter comes before the Court pursuant to the Motion for New Trial (Doc. #123) filed by Dominguez on June 1, 2006.  The government filed a response (Doc. #128) on June 7, 2006.  For the reasons stated below, the motion is denied.

**I. Background**

Dominguez was indicted, tried and convicted on two counts: (1) possession with intent to distribute marijuana; and (2) conspiracy to possess with the intent to distribute marijuana.  Dominguez raises two grounds as the basis for this motion: (1) Court error in allowing the presentation of certain Fed.R.Evid.404(b) evidence; (2) Court error in not including the definition of "marijuana plant" in the Court's instructions to the jury.

**II. Standard**

A new trial pursuant to Fed.R.Crim.P. 33 may be granted on either of two grounds.  United States v. Ramos, 179 F.3d 1333, 1336 n.1 (11th Cir. 1999).  First, a new trial may be granted "in the interest of justice" if the motion is filed "within 7 days after verdict or finding of guilty or within such further time as the

court may fix during the 7-day period." Fed.R.Crim.P. 33(a) and (b)(2). In this case, the Court extended the date to file pretrial motions to June 2, 2006 (Doc. #120). The motion was filed on June 2, 2006, and therefore the motion is timely.

A new trial may also be granted on the basis of newly discovered evidence. Fed.R.Crim.P. 33(b)(1). To warrant a new trial on the basis of newly discovered evidence, the defendant must establish all of the following: (1) the evidence was discovered after trial; (2) the failure of defendant to discover the evidence was not due to a lack of due diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to issues before the court; and (5) the evidence is such that a new trial would probably produce a different result. Ramos, 179 F. 3d at 1336 n.1; United States v. Jernigan, 341 F.3d 1273, 1287 (11th Cir. 2003). The Court may not grant a motion for new trial unless the defendant satisfies all five parts of the above standard. United States v. Frost, 61 F.3d 1518, 1527 (11th Cir. 1995); United States v. Reed, 887 F.2d 1398, 1404 (11th Cir. 1989), cert. denied 493 U.S. 1080 (1990).

## III. Discussion

Since Dominguez does not allege any newly discovered evidence, the Court will analyze the issues under Rules 33(a) and (b)(2). Pursuant to Rules 33(a) and (b)(2), the standard of review is whether the "interest of justice" mandates a new trial. The Court finds that it does not.

As noted, Dominguez raises two issues: (1) Court error in admitting 404(b) evidence; and (2) Court error in not providing the definition of marijuana plant in the jury instructions.  The Court addresses each argument in turn.

### a. 404(b) Evidence

To determine the admissibility of 404(b) evidence, the Court uses the following three part test: "(1) the 'evidence must be relevant to an issue other than the defendant's character;' (2) there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act; and (3) 'the evidence must possess probative value that is not substantially outweighed by its undue prejudice.'" United States v. Barber, 147 Fed. Appx. 941, 945 (11th Cir. 2005)(citing United States v. Matthews, 411 F.3d 1210, 1224 n.14 (11th Cir. 2005).

Prior to trial, the government gave notice that it intended to introduce 404(b) evidence regarding Dominguez's past involvement with a marijuana cultivation house.  The government intended to introduce this evidence through a police officer who investigated the operation and Dominguez's co-defendant, who allegedly distributed marijuana for Dominguez from the house.  Dominguez filed a motion objecting to introduction of the 404(b) evidence. The Court considered the notice and response and, immediately before trial, orally ruled that the Court would permit the government to introduce the 404(b) evidence.  On the record, the Court recognized the above referenced three prong test and found

the test was satisfied.  Specifically, the Court found the 404(b) evidence was relevant to Dominguez's intent to engage in the crimes charged and that the prejudicial value did not outweigh the probative value as to Dominguez's intent.  So finding, the Court relied upon <u>United States v. Wright</u>, 164 Fed. Appx. 809 (11th Cir. 2006).

In <u>Wright</u>, the defendant appealed his conviction and sentence for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine. <u>Id.</u> at 811.  As part of its case in chief, the government placed an officer Heck on the stand.  <u>Id.</u>  Heck testified as to a 1997 drug investigation he conducted into the <u>Wright</u> defendant. <u>Id.</u> at 811.  Citing 404(b), the <u>Wright</u> defendant argued that the Court erred in allowing Heck to testify as to the past drug investigation.  Addressing these arguments, the Eleventh Circuit questioned whether the acts investigated were even extrinsic acts subject to 404(b) requirements.  Moving beyond this inquiry, the Eleventh Circuit found that, even if the activities investigated in 1997 were considered extrinsic acts, they would be admissible pursuant to 404(b). <u>Wright</u>, 164 Fed. Appx. at 813.  The <u>Wright</u> facts are similar to the present facts.  As in <u>Wright</u>, and in accordance with the Court's earlier ruling, the Court finds that the evidence of Dominguez's involvement in the marijuana cultivation house is relevant to Dominguez's intent to engage in the charged counts and the evidence's probative value is not substantially outweighed by

its prejudicial effect.

In its analysis, the Court found that sufficient proof existed for the jury to find that Dominguez committed the extrinsic act, the second prong in the three prong analysis to determine the admissibility of 404(b) evidence.

As proffered in the government's 404(b) notice, at trial, Dominguez's co-defendant, Morales, testified that he distributed marijuana for Dominguez from the cultivation house.  The Eleventh Circuit has found that a co-defendant's testimony can provide sufficient proof that the defendant participated in the extrinsic act.  United States v. Holmes, No. 05-11060, 2006 U.S.App.LEXIS 5081, at *12 (11th Cir. February 28, 2006)("the government presented sufficient evidence, in the form of [co-defendant's] testimony, from which a jury could find that [defendant] committed the prior [extrinsic act]."  As such, Morales's testimony was sufficient for a jury to find that Dominguez was previously involved with the operation of the marijuana cultivation house. Thus, the evidence relating to Dominguez's participation in the marijuana cultivation house was admissible.

## B. Jury Instruction

Dominguez proposed that the following definition of the term marijuana plant be included in the offense instructions:

> In order to be considered a "marijuana plant" as defined within these instructions, it must have three characteristic components readily apparent to a person's eye: roots, stems, and leaves.  Until a cutting develops roots of their own, it is not a plant but a mere piece of some other plant.  Therefore, cuttings and seedlings are

not considered marijuana plants unless there is some
readily observable evidence of root formation.

At the charging conference, the Court heard arguments on this issue
and determined not to use the proposed instruction.

"A district court has broad discretion in formulating jury
instructions." Christopher v. Cutter, 53 F.3d 1184, 1191 (11th Cir
1995).  New trials are properly granted when the jury instructions
"do not accurately reflect the law, and the instructions as a whole
do not correctly instruct the jury . . . [so as to create] 'a
substantial and ineradicable doubt as to whether the jury was
properly guided in its deliberations.'" Broaddus v. Fla. Power
Corp., 145 F.3d 1283, 1288 (quoting Carter v. Decisionone Corp.,
122 F.3d 997, 1005 (11th Cir. 1997).  Here, the Court does not find
that the refusal to provide the definition of marijuana rendered
the instructions inadequate.

"[A] trial court is not required to define terms which are
reasonably within the common understanding of a juror." United
States v. Crockett, 206 F.2d 759, 762 (5th Cir. 1975)(citing Bohn
v. United States, 260 F.2d 773, 779 (8th Cir. 1958)); see also
United States v. Lignarolo, 770 F.2d 971, 980 (11th Cir.
1985)(finding that the exclusion of a defense instruction defining
"distribute" was not error as it is a common term that is easily
understood).  Deciphering the intended definition of marijuana
plant in 21 U.S.C. § 841, the statute Dominguez was convicted of
violating, courts have found that Congress did not intend to attach
a special definition to the term plant. United States v. Eves, 932

F.2d 856, 860 (10th Cir. 1991).   In <u>Eves</u>,[1] the court found that "Congress intended 'plant' to be construed . . . by its plain and ordinary dictionary meaning." <u>Id.</u>   The <u>Eves</u> Court also found that , to determine whether the alleged plant is a plant, "[n]o expert need testify, no experiments with instrumentation to monitor whether gaseous exchange is occurring need be conducted, no elaborate trimester or viability system need be established." <u>Id.</u> Moreover, in closing arguments, Dominguez encouraged the jury to follow their common sense in determining whether the alleged plants were actually plants.   For these reasons, the Court finds that the definition of the word plant was in the jury's common understanding, and the exclusion of Dominguez's proposed definition did not render the instructions inadequate.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Motion for New Trial (Doc. #123) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this <u>21st</u> day of June, 2006.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

---

[1] Dominguez cites <u>United States v. Foree</u>, 43 F.3d 1572 (11th Cir. 1995), as support for his proposed definition of marijuana plant.  In <u>Foree</u>, the Eleventh Circuit cites <u>Eves</u> with approval.

Copies:

All Counsel of Record