UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                    2:05-cr-114-FtM-33DNF

MARIO DOMINGUEZ
_____

**ORDER**

This matter comes before the Court pursuant to the Motion for Judgment of Acquittal As to Counts I and II (Doc. #124) filed by Dominguez on June 2, 2006. The government filed a response (Doc. #127) on June 7, 2006.

A motion for acquittal is governed by Federal Rule of Criminal Procedure 29. "As the text of the Rule indicates, and as courts and other authorities have recognized, '[t]he sole ground for a post-trial motion under Rule 29(c) is that the evidence was insufficient to sustain a conviction.'" United States v. Hunt, 412 F. Supp. 2d 1277, 1282 (11th Cir 2005)(quoting United States v. Miranda, 425 F.3d 953, 963 (11th Cir. 2005)). "The standard for assessing the sufficiency of evidence is whether any reasonable view of the evidence, considered in the light most favorable to the government, is sufficient to allow a jury to find guilt beyond a reasonable doubt." United States v. Leonard, 138 F.3d 906, 908 (11th Cir. 1998)(citing United States v. Bush, 28 F.3d 1084, 1087 (11th Cir. 1994).

Dominguez claims that the government's evidence was

insufficient to sustain the guilty verdict.  The Court disagrees. The government introduced evidence through several witness. However, the Court need only look to one witness, Morales, Dominguez's co-conspirator, to find the evidence sufficient for a reasonable jury to convict Dominguez for the crimes charged. Morales testified that he and Dominguez jointly operated a marijuana cultivation enterprise in Cape Coral.  Morales further testified that the purpose of the enterprise was to grow, harvest, and eventually sell the marijuana.

"[U]ncorroborated testimony of an accomplice may be enough to support a conviction if the testimony is not on its face incredible or otherwise insubstantial." United States v. Garcia, 405 F.3d 1260, 1270 (11th Cir. 2005)(citing United States v. Butler, 792 F.2d 1528, 1536 (11th Cir. 1986)).  Dominguez does not claim that Morales's testimony is insubstantial.  Rather, Dominguez attacks Morales's credibility. However, credibility determinations are the jury's province, not the Court's, unless the testimony is "unbelievable on its face." Id. (citing United States v. Rivera, 775 F.2d 1559, 1561 (11th Cir. 1985)).  Testimony is unbelievable on its face if it was physically impossible for the witness to have observed the event or the event could not have occurred under the laws of nature. Rivera, 775 F.2d at 1561. Morales's testimony does not fit into either of these categories.  As such, Morales's testimony alone is sufficient to sustain the jury's verdict.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Motion for Judgment of Acquittal As to Counts I and II (Doc. #124) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this 21st day of June, 2006.

                                              VIRGINIA M. HERNANDEZ COVINGTON
                                              UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record